WESTERN LOAN & SAVINGS CO. v. THIBODEAU et al.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1908.)

No. 1,432.

1. REFORMATION OF INSTRUMENTS—MISTAKE—FRAUD—EVIDENCE.

Equity has jurisdiction to reform written instruments where there is a mutual mistake or mistake on one side and fraud or inequitable conduct on the other, but such relief will not be granted unless the evidence is so cogent as to thoroughly satisfy the mind of the court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reformation of Instruments, § 157.]

2. SAME—EVIDENCE.

Evidence *held* to sustain findings that a note and mortgage had been fraudulently obtained for an excessive amount, and that complainants executed the instruments in good faith under an honest mistake without negligence, and were therefore entitled to reformation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reformation of Instruments, §§ 157–193.]

Appeal from the Circuit Court of the United States for the District of Montana.

James Ingebretseb and William H. King, for appellant.
Hall & Patterson, for appellees.

Before GILBERT and ROSS, Circuit Judges, and De HAVEN, District Judge.

ROSS, Circuit Judge. The appellees, Thomas H. Thibodeau, Sue R. Thibodeau, his wife, and Dennis Lee, brought this suit in the court below for the reformation of a certain promissory note, and mortgage given to secure the same, made to the appellant (defendant below), and for a decree to the effect that the note and mortgage as executed be canceled upon their paying the balance alleged to be due from them in accordance with the actual agreement of the parties.

The note as executed read as follows: .

"$11900.00                        Missoula, Montana, December 9th, 1902.

"For value received we promise to pay to the Western Loan and Savings Company, a corporation of Salt Lake City, Utah, the sum of eleven thousand nine hundred dollars ($11900.00) in payments as follows: one hundred and forty dollars ($140.00) on the 16th day of each and every month, commencing with the month of December, 1902, until eighty-five (85) payments shall have been made. Payable at the Utah Commercial and Savings Bank, Salt Lake City, Utah."

"The jurisdiction of equity to reform written instruments where there is a mutual mistake, or mistake on one side, and fraud or inequitable conduct on the other, is undoubted; but to justify such reformation, the evidence must be sufficiently cogent to thoroughly satisfy the mind of the court." Simmons Creek Coal Company v. Doran, 142 U. S. 417, 435, 12 Sup. Ct. 239, 245, 35 L. Ed. 1063.

The court below had the advantage of observing the conduct and manner of testifying of the various witnesses, and was, as stated in its opinion found in the record, entirely satisfied that the complainants had sustained their case; the findings of the court being to the effect

that the complainants applied to the defendant's agent for a loan of $7,000, payable in monthly installments of $140 per month, with interest at the rate of 10 per cent. per annum, out of which payments of $140 per month the interest accrued on the loan for the previous month should first be paid, and the balance applied to reduce the principal sum, the complainants to have the privilege of paying the debt in full at any time; that the agent agreed to make the loan upon those terms, and induced the complainants to execute the note above set out, and the mortgage securing the same, upon the belief of the complainants that the note and mortgage so executed by them expressed the terms upon which the complainants applied for, and the defendant's agent agreed to make, the said loan; "that defendant's agent knew, and purposely did not explain to Thibodeau or to any of the complainants, the difference between a loan of $7,000, payable at the rate of ten per cent. per annum, in monthly payments of $140 per month to be applied on interest and principal, and the contract as executed by the parties; that the defendant's agent, Brooks, knew Thomas H. Thibodeau well, and knew that he was illiterate, of French parentage and unfamiliar with the English language, and of complainants' reliance upon and confidence in said agent Brooks and his statements, yet he knowingly permitted Thibodeau and the other complainants to believe that the loan was such as Thibodeau and complainants requested—that is, in effect one for $7,000, with interest at ten per cent. per annum, payable in monthly installments; that the defendant, for the purpose of misleading and deceiving complainants and preventing them from knowing the rate of interest provided for in said note and mortgage executed by complainants, did not express in said note or mortgage the rate of interest provided for therein, nor notify complainants or any of them that said note or mortgage provided for a rate of interest in excess of ten per cent. per annum, but to deceive complainants and to prevent them from knowing the actual rate of interest provided by said note and mortgage, caused the sum of $4,900 to be placed therein as interest, and represented to complainants that said $4,900 was ten per cent. interest per annum on $7,000, payable in installments of $140 per month until paid, and that it amounted to the same thing whether complainants paid $7,000 with interest at the rate of ten per cent. per annum in monthly payments of $140 per month and applying the payments first to pay the interest for the previous month, and applying the balance to reduce the principal, as it would be to pay eleven thousand nine hundred dollars ($11,900) in eighty-five (85) monthly installments of $140 per month; that said sum of $4,900, placed in said note and mortgage as interest, was far in excess of ten per cent. per annum, and was about nineteen and one-half per cent. per annum; that complainants would be required to pay as much interest on the last installment, when all but one installment had been paid, as they would be for the first month, when complainants had the full $7,000; that complainant Thomas H. Thibodeau, on behalf of complainants, had full charge of the negotiations for said loan, and communicated the negotiations concerning said loan to the other complainants; that said Thibodeau was illiterate; that he had made a previous loan from defendant through said agent

on a different plan, which loan was settled to the satisfaction of Thibodeau; that defendant had gained the confidence of complainants through said transaction and the previous relations of said Thibodeau with Brooks, and complainants relied upon the statements of said Brooks in executing the note and mortgage; that said Thibodeau was unable to figure the amount of interest that $7,000 upon interest at the rate of ten per cent. per annum, payable in monthly installments of $140 each, would amount to, and complainants believed, relied, and acted upon the representation of Brooks that the sum of $4,900 placed in said note and mortgage, with the $7,000 loaned, was the correct amount which the $7,000 payable in monthly installments of $140 per month at the rate of ten per cent. per annum interest would amount to. That complainants, desiring to pay off said loan in accordance with the terms they believed were contained in said note and mortgage in the month of December, 1905, requested from defendant the amount it would require to satisfy said note and mortgage, and, upon receipt of a statement from defendant of the amount claimed, complainants knew for the first time that defendant claimed a rate of interest on said loan in excess of ten per cent. per annum, and then for the first time knew that said note and mortgage failed to contain a provision giving complainants the privilege of paying the said loan in full at any time. That, upon said discovery, complainants notified defendant of the terms upon which it was agreed said note and mortgage should be given and said loan made, and requested defendant to reform said note and mortgage in accordance therewith, and complainants offered to return said $7,-000, with interest thereon for the time complainants retained the same at the rate of ten per cent. per annum, but that said defendant refused to reform said note and mortgage in accordance with the complainants' understanding and agreement for said loan, or to accept the offer of complainants to return the loan, or to accept the offer of complainants to return the loan of $7,000 secured by complainants from defendant, with interest thereon at the rate of ten per cent. per annum, but defendant refused to modify or change or alter the conditions or terms of said note or mortgage in any respect, but elected to adopt and stand upon the provisions and terms of said note and mortgage as executed by complainants. That complainants would not have executed said note or mortgage or have accepted said loan had they known the rate of interest provided by said note and mortgage exceeded the rate of ten per cent. per annum on the sum held by them. That said loan was made and said note and mortgage executed and delivered, and all payments on said loan up to the time of trial were paid to defendant's said agent, Brooks, at Missoula, Mont., and were accepted by said defendant, and the provisions of said note and mortgage requiring payment to be made at Salt Lake City, Utah, were waived by defendant. That, at the time of negotiating and making of said loan and mortgage and executing said note and mortgage, complainants were and have at all times since been residents of the city of Missoula, state of Montana. That the note and mortgage signed by complainants did not express the thought and intent of the complainants, and that, by the intentional failure of the defendant's agent to explain to the complainants that the

contract executed was different from that intended to be entered into, complainants were misled, and that defendant's agent intended to mislead them. That the defendant's agent knew that the complainants believed the note and mortgage executed by them was for a loan of $7,-000 as Thibodeau had applied for, and for such a loan as he, the agent, had said could be had, but which was not as the defendant expressed it in the papers signed. That complainants believed from the representation of defendant's agent that their contract with defendant's agent was equivalent to the terms in the note and mortgage signed. That if complainants had known that their contract for a loan was as literally expressed by the note and mortgage, they would not have signed them or accepted said loan. That complainants executed the instruments involved in good faith, under an honest mistake. There was no negligence on complainants' part. By the representations and actions of defendant's agent and defendant, calculated to mislead and deceive complainants, they never understood the terms or the effect of the note and mortgage signed by them, and their error was brought about by a misunderstanding of the papers signed by them."

Upon the evidence in the case we would not be justified in interfering with these findings made by the trial judge, and therefore must affirm the decree reforming the note and mortgage to conform with the actual agreement of the parties.

The decree is affirmed.